## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

EMMA LOUISE SHORT,

     Plaintiff,

-vs-

                             Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; and USAA
FEDERAL SAVINGS BANK,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Emma Louise Short (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); and USAA Federal Savings Bank (hereinafter "USAA") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Montgomery County in the Commonwealth of Pennsylvania; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the Commonwealth of Pennsylvania through its registered agent, Corporation Service Company, located at 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the Commonwealth of Pennsylvania through its registered agent, C T Corporation System, located at 600 N 2nd Street, #401, Harrisburg, Pennsylvania 17101.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    USAA is an FDIC-insured federal savings bank headquartered at 1 Norterra Drive in Phoenix, Arizona 85085 that upon information and belief conducts business in the Commonwealth of Pennsylvania.

17.     USAA is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     USAA furnished information about Plaintiff to Equifax and Experian that was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff is alleged to owe debts to USAA for two auto loans, partial account numbers ending in *5016 ("USAA Account 1") and *3235 ("USAA Account 2") ("USA Accounts"). Plaintiff never opened or authorized anyone to open auto loans with USAA using her personal information.

20.     Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

21.     In or about November 2024, while looking to purchase a new vehicle, Plaintiff contacted USAA to inquire about financing through them, since she was already using them for auto insurance. Plaintiff was informed that she was pre-approved for an auto loan with USAA; however, she decided not to use them as her lender and did not move forward with the application process.

22.     Shortly thereafter, on or about November 23, 2024, Plaintiff purchased a 2023 Toyota 4Runner and financed it with Capital One.

23.    Equifax and Experian both have knowledge of Plaintiff's auto loan with Capital One, opened on November 23, 2024.

24.    Plaintiff makes all her payments on this auto loan and all her other credit accounts on time. Plaintiff would never allow any line of credit, especially one as large as an auto loan, to become delinquent.

25.    On or about July 1, 2025, Plaintiff received a collection notice regarding the USAA Accounts.

26.    Frightened, and assuming this was a mistake, Plaintiff immediately contacted USAA. Plaintiff was informed that there were two USAA auto loans in her name, one for a 2019 Dodge Charger, opened on November 21, 2024 (USAA Account 1) and one for a 2020 Infiniti QX80, opened on December 6, 2024 (USAA Account 2).

27.    Plaintiff has never owned or driven a Dodge Charger or an Infiniti QX80. Plaintiff would not have opened or co-signed on three different auto loans within the span of one month.

28.    Upon discovery of the USAA Accounts, Plaintiff requested a fraud investigation and was told that a claim was opened with the "Specialized Fraud Team."

29.    On or about July 10, 2025, Plaintiff filed a police report with the Uwchlan Township Police Department in Exton, Pennsylvania, Incident Report No. UT-25-06784 ("Police Report") and requested fraud alerts and credit freezes on her Equifax, Experian, and Trans Union credit files.

30.    Plaintiff contacted USAA numerous times for updates on their investigation and to ensure the fraud was continuously reported but never received any assistance. Plaintiff contacted USAA on several dates, including July 1, July 10, July 18, September 17, November 7, and November 20, 2025.

31.    Throughout this time, Plaintiff continued to receive communications from debt collectors harassing her about the USAA Accounts that were not hers.

32.    Throughout this time, Plaintiff has been able to view copies of the promissory notes and correspondence as to the USAA Accounts through her USAA portal she uses for her auto insurance. Through this, Plaintiff has discovered unknown contact information and an address in Georgia in her profile that she had to change. The digital signatures on the promissory notes are not Plaintiff's. Despite pointing this out to USAA, they continued to ignore her pleas and any flags about fraud.

33.    On or about December 1, 2025, Plaintiff obtained copies of her Equifax, Experian, and Trans Union credit reports and observed that, despite her

numerous attempts to dispute the fraud, the USAA Accounts continued to be reported on her credit file. USAA Account 1 was reporting with a balance of $34,608 and a status of "charged off," and USAA Account 2 was reporting with a balance of $21,051 and a status of "charged off."

34.    On or about December 1, 2025, Plaintiff filed an Identity Theft Report with the Federal Trade Commission, Report No. 194305858 ("FTC Report"), explaining she was a victim of identity theft and her efforts to dispute.

35.    On or about December 2, 2025, Plaintiff mailed detailed dispute letters to the CRAs explaining the aforementioned facts and that the USAA Accounts were fraudulent and needed to be removed from her credit file. In the letter, Plaintiff requested a copy of her credit report. To confirm her identity, Plaintiff attached copies of her driver's license and passport. Plaintiff attached images of the erroneous reporting, her Police Report, and her filed FTC Report.

36.    Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 2629 2520 34), Experian (9589 0710 5270 2629 2520 41), and Trans Union (9589 0710 5270 2629 2520 27).

37.    On or about December 13, 2025, Plaintiff received a letter from Equifax advising that they would not be blocking the disputed information.

Plaintiff did not receive any additional dispute results or a copy of her credit report from Equifax.

38.     Despite confirmation of delivery on December 6, 2025, Plaintiff never received dispute results or a copy of her credit report from Experian.

39.     On or about January 9, 2026, Plaintiff obtained an updated copy of her Equifax credit report and observed that USAA Account 1 continued to be reported with a balance of $34,608 and a status of "charged off."

40.     On or about January 9, 2026, Plaintiff obtained an updated copy of her Experian credit report and observed that both USAA Accounts continued to be reported with the same balances and statuses of "charged off."

41.     Plaintiff also obtained an updated copy of her Trans Union report and, to her relief, observed that Trans Union had deleted the USAA Accounts. Upon information and belief, Equifax and Experian have knowledge of Trans Union's decision to suppress the USAA Accounts yet continue to report them.

42.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher. Equifax was aware of when the USAA Accounts were opened. Credit Reporting Agencies such as Equifax should be able to verify the veracity of Plaintiff's claims and it is

a huge red flag for someone with a newly established and limited credit file such as Plaintiff's to open three auto loans totaling $78,297 within the span of 15 days.

43.    Experian never attempted to contact Plaintiff during the alleged investigation.

44.    Upon information and belief, Experian notified USAA of Plaintiff's dispute. However, USAA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

45.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher. Experian was aware of when the USAA Accounts were opened. Credit Reporting Agencies such as Experian should be able to verify the veracity of Plaintiff's claims and it is a huge red flag for someone with a newly established and limited credit file such as Plaintiff's to open three auto loans totaling $78,297 within the span of 15 days.

46.    Experian never attempted to contact Plaintiff during the alleged investigation.

47.    Due to the continued inaccurate reporting, on or about January 13, 2026, Plaintiff mailed additional detailed letters to Equifax and Experian

explaining the aforementioned facts and that the USAA Accounts were fraudulent and needed to be removed from her credit file. In the letter, Plaintiff requested a copy of her credit report. To confirm her identity, Plaintiff attached copies of her driver's license and passport. Plaintiff attached images of the erroneous reporting, her Police Report, and her filed FTC Report.

48.    Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9407 1111 0549 5877 9739 67) and Experian (9407 1111 0549 5877 9739 67).

49.    As of the filing of this Complaint, Plaintiff has not received dispute results or copies of her credit reports in response to her second detailed letters.

50.    As of the filing of this Complaint, upon information and belief, the Defendants have failed to review Plaintiff's Police and FTC Reports or conduct a reasonable investigation as to Plaintiff's disputes. The inaccurate reporting of the USAA Accounts continues.

51.    As of the filing of this Complaint, there is a significant discrepancy in Plaintiff's FICO score report, with Equifax and Experian's reported credit scores almost 20 points lower than Trans Union's.

52.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, USAA.

53.    USAA has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

54.    Plaintiff continues to be terrorized and harassed by communications from debt collectors as to the USAA Accounts.

55.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate. The USAA Accounts reporting by the Defendants is the only negative reporting in Plaintiff's credit files. The erroneous reporting is the cause for Plaintiff's credit score to drop over 100 points.

56.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.    Denial of new lines of credit; for example, Plaintiff was denied a Strata Credit Card with Citibank on or about January 21, 2026 due to delinquencies on her credit report and a low credit score;

ii.    The USAA Accounts are the only derogatory accounts on her Equifax and Experian reports. The Defendants on this case are the sole reason for her credit denials and score dropping below 600;

iii.  Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

iv.  Loss of time and time take off from work in attempts to cure the errors;

v.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

vi.  Reduction in credit score as the Defendants failed to properly investigate the disputed information;

vii.  Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

viii.  Defamation and Plaintiff's information has been published to third parties, including but not limited to Citibank and MyFICO to calculate Plaintiff's credit score.

## **CAUSES OF ACTION**

### **COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**

**Defendant, Equifax Information Services LLC (Negligent)**

57.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

58.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

59.    Equifax allowed for a Furnisher, such as USAA, to report inaccurate and erroneous account information to Plaintiff's credit file.

60.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

61.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

62.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

63.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

65.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
#### Violation of 15 U.S.C. § 1681e(b) as to
#### Defendant, Equifax Information Services LLC (Willful)

66.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

67.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

68.    Equifax allowed for a Furnisher, such as USAA, to report inaccurate and erroneous account information to Plaintiff's credit file.

69.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

70.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

71.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

72.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

74.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

75.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

76.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain

reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

77.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

78.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft or mixed file. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

79.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

81.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

82.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

83.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in

Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

84.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

85.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft or mixed file. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

86.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

88.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

89.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

90.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

91.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

92.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

93.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

95.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Laura Coa, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

96.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

97.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

98.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

99.    Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

100.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

101.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

103.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

104.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

105.   Experian allowed for a Furnisher, such as USAA, to report inaccurate and erroneous account information to Plaintiff's credit file.

106.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

107.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

108.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

109.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

113.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

114.   Experian allowed for a Furnisher, such as USAA, to report inaccurate and erroneous account information to Plaintiff's credit file.

115. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

116. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

117. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

118. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

119. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

120. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

121.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

122.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

123. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

124. Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft or mixed file. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

125. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

126. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

127. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

128.  Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

129.  After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

130. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to

conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

131.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft or mixed file. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

132.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

136.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

137.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

138.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

139.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

141.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT XII</u>
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

142.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

143.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

144.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

145.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

146.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

147.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, USAA Federal Savings Bank (Negligent)

149.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

150.   USAA furnished inaccurate account information to Equifax and Experian and through those CRAs to all of Plaintiff's potential lenders.

151.   After receiving Plaintiff's disputes, USAA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax and Experian and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

152.   Plaintiff provided all the relevant information and documents necessary for USAA to have identified that the accounts did not belong to Plaintiff.

153.   USAA did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to USAA by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft or mixed file.

154.    USAA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information it was furnishing was inaccurate.

155.    As a direct result of this conduct, action, and/or inaction of USAA , Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

156.    The conduct, action, and inaction of USAA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

157.   Plaintiff is entitled to recover costs and attorney's fees from USAA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual damages against Defendant, USAA Federal Savings Bank; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, USAA Federal Savings Bank (Willful)

158.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-six (56) above as if fully stated herein.

159.   USAA furnished inaccurate account information to Equifax and Experian and through those CRAs to all of Plaintiff's potential lenders.

160.   After receiving Plaintiff's disputes, USAA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax and Experian and

(iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

161. Plaintiff provided all the relevant information and documents necessary for USAA to have identified that the accounts did not belong to Plaintiff.

162. USAA did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to USAA by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft or mixed file.

163. USAA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information it was furnishing was inaccurate.

164. As a direct result of this conduct, action, and/or inaction of USAA, Plaintiff suffered damage, including without limitation, loss of the ability to

benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

165.    The conduct, action, and inaction of USAA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

166.    Plaintiff is entitled to recover costs and attorney's fees from USAA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, USAA Federal Savings Bank; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Emma Louise Short, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; and USAA Federal Savings Bank, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 22nd day of January, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*